**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA 9184)
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GRICELDA ESCOBAR,

                                              Plaintiff,        COMPLAINT

    -against-                                                FLSA COLLECTIVE
                                                                        ACTION

LAUNDRY LAND, INC. d/b/a
LAUNDRYLAND and                                     ECF CASE
ANTHONY Y. GIULIANO, individually,

                                              Defendants.
-------------------------------------------------------------------------------X

Plaintiff Gricelda Escobar ("Escobar" or "Plaintiff") on behalf of herself and all other similarly situated employees, by and through her attorney, The Law Offices of Jacob Aronauer, complaining of Laundry Land, Inc. d/b/a Laundryland ("Laundryland") and Anthony Y. Giuliano, individually (collectively the "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff and all other similarly situated employees to recover unpaid minimum wages, spread-of-hours wages, earned wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as launderers, clothing-pressers, and laundry attendants at Laundryland, located in Yonkers, New York and owned by Anthony Y. Giuliano ("Giuliano").

2. Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Laundryland owned by Giuliano.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiffs also bring this action to remedy violations of the retaliatory provisions of the FLSA and NYLL.

5. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

6. Plaintiff also brings this action due to Defendants' failure to pay earned wages in violation of New York Labor Law § 663, *et seq.*

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein within the Southern District of New York.

## PARTIES

**Plaintiff Gricelda Escobar**

10. Plaintiff Gricelda Escobar is and was at all times relevant hereto an individual residing in Westchester County.

11. From December 2016 through March 20, 2018 Escobar worked as a launderer, clothing-presser and laundry attendant at Laundryland located at 1160 Yonkers Ave, Yonkers, NY 10704.

12. Escobar is a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Anthony Y. Giuliano**

13. Upon information and belief, Giuliano owns, maintains control, oversight and the direction of Laundryland.

14. Defendant Giuliano is a person engaged in business in Westchester County, who is sued individually in his capacity as an owner, officer and/or agent of Laundryland. Defendant Giuliano exercises sufficient control over Laundryland to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Laundryland.

15. Defendant Giuliano has employed Plaintiff and similarly situated employees at all times relevant.

16. Defendant Giuliano has substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Laundry Land, Inc.**

17. Laundry Land, Inc. is a domestic business corporation doing business as Laundryland, having its principal place of business located at 1160 Yonkers Ave, Yonkers, NY 10704.

18. On information and belief, Giuliano is the Chief Executive Officer of Laundryland.

19. At all times relevant to this action, Laundryland was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. On information and belief, Laundryland has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**COLLECTIVE ACTION ALLEGATIONS**

21. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly persons who are current and former employees of Laundryland since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

22. The FLSA Collective consists of four (4) similarly situated current and former launderers, clothing-pressers, and laundry attendants at Laundryland who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

23. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or

policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable minimum wage rate for all time worked up to forty (40) hours per week;

    ii. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

    iii. failing to furnish employees with wage notices as required by the NYLL.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

26. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

28. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

**Plaintiff Escobar's Employment at Laundryland**

29. From December 2016 through March 2018, Defendants employed Plaintiff, without interruption, as a launderer, clothing-presser, and laundry attendant.

30. Throughout Plaintiff's employment with Defendants, Plaintiff worked at Laundryland located at 1160 Yonkers Ave, Yonkers, NY 10704.

31. Throughout Plaintiff's employment with Defendants, Plaintiff was scheduled to work more than forty hours per week.

32. Plaintiff was never paid overtime for her hours worked in excess of forty hours per week.

33. Plaintiff was occasionally required to work double shifts.

34. When Plaintiff worked a double shift (which was more than ten hours), she was not paid spread of hours.

35. Defendants did not require Plaintiff to "clock in" or "clock out" each day.

36. Plaintiff did not receive any breaks in the course of her employment.

37. Throughout the majority of Plaintiff's employment, each week Defendants paid Plaintiff for her prior week's work in cash.

38. Initially, Plaintiff received $315 per week for her work with Defendants.

6

39. However, during Plaintiff's employment, Giuliano frequently unlawfully deducted money from Plaintiff's weekly salary.

40. Giuliano reduced Plaintiff's salary on the false claim that , "clothes have been lost."

41. Laundryland had a tip jar. On information and belief, patrons at Laundryland believed that the tip jar was for the employees—not Giuliano.

42. Giuliano, though, frequently kept the tips for himself.

**Defendants' Unlawful Retaliation and Termination of Plaintiff's Employment**

43. Plaintiff repeatedly complained to Giuliano regarding her rate of pay, Giuliano's unlawful deductions and Defendants' failure to provide paystubs.

44. In response, Giuliano told Plaintiff that he was overpaying her, and that he would not raise her rate of pay or change his practices.

45. On information and belief, Defendants reduced Plaintiff's hours as a result of Plaintiff's complaints. This resulted in a decrease of Plaintiff's salary.

46. On or about March 20, 2018, Defendant Guiliano terminated Plaintiff.

47. Defendants terminated Plaintiff because Plaintiff complained about her unlawful wages, wage deductions and other wage and hour violations.

48. Following Defendants' termination of Plaintiff's employment, Defendants neglected to pay Plaintiff her earned wages for her last week of work.

**Defendants' Violations of the Wage Theft Protection Act**

49. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

50. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

51. Plaintiff was never provided with and never signed a wage notice acknowledging the tip credit deducted from her wages.

52. Upon information and belief, wage notices were never given to or signed by any other employee at Laundryland.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**

53. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

55. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

56. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of

one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

57. Defendants' decision not to pay overtime was willful.

58. Plaintiff and the FLSA Collective seek damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**<u>Unpaid Overtime Wages Under New York Labor Law</u>**

59. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

61. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and one-half (1.5) times the regular hourly rate of pay, in violation of the NYLL.

62. Defendants' failure to pay required overtime was willful.

63. As a result of Defendants' NYLL violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

**THIRD CAUSE OF ACTION**
**<u>New York Labor Law—Failure to Pay Minimum Wage</u>**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

66. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

67. At all times relevant, Plaintiff was covered by the NYLL.

68. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

69. Defendants failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

70. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

74. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et*

*seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff.

75. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

76. Defendants failed to pay Plaintiff the minimum wages to which they are entitled under the FLSA.

77. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

78. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. 201 *et. seq*.

79. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

**FIFTH CAUSE OF ACTION**
**New York Labor Law - Spread-of-Hours Pay**

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. At times, Plaintiff worked more than ten hours in a workday.

82. Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of her workday was more than ten hours, as required by New York law.

83. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

### SIXTH CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law

85. Plaintiff re-alleges and corporates by reference all allegations in all preceding paragraphs.

86. At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the NYLL.

87. Defendants failed to pay Plaintiff her earned wages for the periods of time and in the manner as set forth above.

88. Defendants' failure to pay Plaintiff her earned wages was willful and not based in any good faith belief of compliance with NYLL § 663, et. seq.

89. As a result of the foregoing, Plaintiff has been denied wages required under NYLL § 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

90. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

92. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

93. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## EIGHTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of the FLSA § 215(a)(3))

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. 29 U.S.C. § 215(a)(3) makes it unlawful for an employer "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter [of the FLSA]."

96. Defendants violated the FLSA by constructively discharging Plaintiff, as well as reducing her hours after she engaged in a protected activity.

97. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

98. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

99. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## NINTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of NYLL § 215(1)(A)

100. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

102. Defendants violated the NYLL by reducing Plaintiff's hours and terminating Plaintiff's employment after Plaintiff complained of Defendants' unlawful practices.

103. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

104. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continues to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

105. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

106. By the foregoing reasons, Plaintiff seeks such equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### TENTH CAUSE OF ACTION
### Unlawful Deductions from Wages under NYLL § 193(1)

107. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

108. NYLL § 193(1) in pertinent part states that "No employer shall make any deduction from the wages of an employee" except in limited circumstances not relevant here.

109. Defendants made unlawful deductions from Plaintiff's wages in violation of NYLL § 193, and such violation was willful and made without good faith.

110. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of monies unlawfully deducted from Plaintiff's wages, costs, reasonable attorneys' fees, costs, pre- and post-judgment interest, and liquidated damages.

### ELEVENTH CAUSE OF ACTION
### Failure to Pay Gratuities under NYLL § 196-d

111. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

112. Pursuant to NYLL § 196-d, an employer is prohibited from demanding, accepting or retaining any part of the gratuities received by or on behalf of an employee.

113. Defendants have failed to pay to Plaintiff the full amount of the gratuities earned by them during their employment, as required by NYLL § 196-d.

114. Through their knowing or intentional failure to pay to Plaintiff their full amount of gratuities, Defendants have willfully violated NYLL § 196-d.

115. Due to Defendants' willful violation of NYLL § 196-d, Plaintiff is entitled to recover from Defendants, jointly and severally, the full amount of gratuities earned by Plaintiff, along with liquidated damages, costs, reasonable attorneys' fees, and pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Laundry Land, Inc. d/b/a Laundryland, and Anthony Y. Guiliano, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid minimum wages and overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid minimum wages, overtime pay, spread-of-hours pay, unlawful deductions and other unpaid wages and gratuities due to Plaintiff, along

with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For her costs and disbursements of this action, including attorneys' fees and expenses; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: May 11, 2018
New York, New York

Respectfully submitted,

/s Jacob Aronauer
Jacob Aronauer (JA: 9184)
**THE LAW OFFICES OF JACOB ARONAUER**
225 Broadway, 3rd floor
New York, NY 10007
Telephone: (212) 323-6980
Facsimile: (212) 233-9238
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*