Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

April 5, 2019

**Via ECF**
Honorable Lisa Margaret Smith
300 Quarropas St.
White Plains, NY 10601

      Re:    Gricelda Escobar v. Laundry Land, Inc. et al.
             18-cv-04246 (LMS)

Dear Judge Smith:

      This office represents Plaintiff Gricelda Escobar ("Escobar" or "Plaintiff") in the above captioned matter. Plaintiff, together with Defendants Laundry Land, Inc. d/b/a Laundry Land ("Laundry Land") and Anthony Y. Giuliano ("Giuliano") (collectively "Defendants") request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed hereto as Exhibit A.

## Overview

      Laundry Land is a laundromat located in Yonkers, NY. Giuliano is the owner of Laundry Land. It is a dispute between the parties as to the length of time that Plaintiff worked for Defendants. Plaintiff believes that she worked for Defendants from December 2016 through March 20, 2018. In contrast, Defendants claim that Plaintiff worked for Defendants for less than a year. Plaintiff's primary job duties included washing and drying laundry.

      Plaintiff believes she could recover approximately $68,000 in unpaid minimum wages, overtime wages, spread of hours, unpaid tips, wage notice violations, prejudgment interest, unlawful retaliatory termination and attorney fees and expenses if successful at trial. In contrast, Defendants believe that Plaintiff was correctly paid and that, overall, they were compliant with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## History of Lawsuit

      On May 11, 2018, Plaintiff commenced this action against Defendants. Plaintiff sued for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide annual wage notices and wage statements under the NYLL. In addition, Plaintiff sued for not receiving all tips left by patrons at Laundry Land, spread of hours pay and being unlawfully terminated for complaining about not being paid in compliance with the

FLSA and NYLL.

Following the commencement of this action, the parties engaged in settlement discussions. The settlement discussions were based on records of Defendants, damages calculations provided by Plaintiff and representations made by Defendants with respect to their ability to withstand a large judgment. Initially, the parties were not able to make significant headway with respect to settlement. As a result, the parties pushed forward with the case and engaged in paper discovery and set deposition dates. The individual defendant (Giuliano) was deposed.   Shortly after Giuliano was deposed, the parties agreed to a settlement conference before Your Honor. On March 6, 2019, the parties settled the case before Judge Smith.

## Fairness and Reasonableness of the Settlement

The settlement sum is $31,000.00 The settlement agreement provides that the settlement amount will be allocated as follows:  Plaintiff will receive $20,006.00 and counsel will receive $10,994.00 (inclusive of fees and expenses).  An invoice setting forth Plaintiff's attorney fees and expenses is annexed hereto as Exhibit B. This allocation is consistent with the retainer agreement Plaintiff signed with this office.

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id.  As for the range of recovery, Plaintiff will receive all of her claimed unpaid overtime and minimum wages along with liquidated damages. Since Defendants argued that Plaintiff was exempt and was paid correctly for all hours worked, Plaintiff obviously risked not obtaining *any* recovery. Plaintiff also risked winning at trial but being stuck with an empty judgment. Of course, if the Court had found that Plaintiff would succeed on all of her claims, Plaintiff's recovery (when taking into consideration liquidated damages) could have been higher than the settlement amount. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." Id.   Since the commencement of this lawsuit, Plaintiff has been unable to find new employment.

Plaintiff is eager to be made whole, which she will achieve through this settlement. Furthermore, this settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorneys' fees, and relieve Defendants of the burden of further defending a federal court action.

Plaintiff's counsel also recognized that they were suing an "all cash" business that is, at the end of the day, an individually owned laundromat. Plaintiff's counsel was concerned that if they were overly aggressive with respect to their settlement demands or pushed the case to trial, they risked the possibility of an empty judgment.

## Work Performed by Plaintiff's Counsel

Plaintiff's counsel will receive one-third of the settlement after deduction of expenses. We respectfully submit the allocation of 33.33% for Plaintiff's counsel should be approved. *See Rangel v. 639 Grant St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (Judge Bloom awarding plaintiff's counsel one-third of the settlement amount, plus costs); *see also Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); *see also, Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229, 239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement). Plaintiff's legal fees and expenses are $16,070.00—which means that Plaintiff's attorney fees and expenses are actually more than 1/3 of the total settlement.

Plaintiff's counsel performed critical work. Plaintiff's counsel met with Plaintiff on multiple occasions and diligently researched the corporate Defendants' business, as well as the overall strength of Plaintiff's claims. Plaintiff also drafted paper discovery requests and reviewed Defendants' responses. Plaintiff also diligently pushed depositions and deposed the individual defendant. Plaintiff had three separate court appearances including the settlement conference. Finally, Plaintiff's counsel also reviewed time records of Plaintiff and drafted multiple damages spreadsheets setting forth the avenues of potential recovery.

## Attorneys' Fees and Counsel's Qualifications

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018 and 2019, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Mr. Aronauer's hourly rate is now $400 an hour. This hourly rate is what Mr. Aronauer charges his management-side clients. Paralegals in this case employed by Mr. Aronauer's firm charged $150 per hour.

## Conclusion

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States,* 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.   We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
   *All attorneys on record*

4

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
GRICELDA ESCOBAR,

                                                    Plaintiff,                    18-cv-04246 (LMS)

        -against-

LAUNDRY LAND, INC. d/b/a
LAUNDRYLAND and
ANTHONY Y. GIULIANO, individually,

                                                    Defendants.

--------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release of All Claims ("Agreement") is made
and entered into by and between Gricelda Escobar ("Escobar"), on behalf of herself, her
agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"),
and Anthony Y. Giuliano ("Giuliano"), individually and Laundry Land, Inc. d/b/a
Laundryland, along with their parent(s), subsidiaries, divisions, affiliates or other related
entities, and all of its and their incumbent and former officers, directors, owners,
shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and
representatives, in their individual and/or representative capacities, and for the benefit of
the individual defendant' agents, assigns, attorneys, heirs, successors, executors and
administrators ("Defendants").

        WHEREAS, Plaintiff filed, in the United States District Court for the Southern
District of New York, a complaint under the docket 18-cv-04246 (LMS) in an action
asserting violations of the Fair Labor Standards Act and New York Labor Law
(hereinafter, the "Complaint"); and

WHEREAS, Plaintiff desires to fully and finally resolve and settle in full all wage and hour claims that she had against Defendants set forth in the Complaint and that were or could have been raised in the Complaint relating to the respective alleged employments of Plaintiff by Defendants;

NOW, THEREFORE, Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1.     **No Admission of Liability**:  By entering into this Agreement, the parties do not in any way admit liability or wrongdoing toward each other or anyone else, either implicitly or explicitly.    Neither this Agreement nor anything contained herein constitutes, or is intended to constitute, any finding of fact, admission of liability or assessment of liability by the parties under any law, ordinance, rule, regulation or order with respect to any claim that any other person has asserted, could have asserted or may assert concerning Plaintiff's alleged employment with Defendants. The parties have consistently denied, and continue to deny, each and every allegation of wrongdoing made by the other, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2.     **Dismissal of Pending Action**: For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiff and her attorney agree that upon execution of this Agreement, they shall: (1) file the Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Pending Action subject to the Court's approval; and (2) not re-file these causes of action.

2

3.      **Consideration and Payment**: In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this wage and hour lawsuit is settled and resolved for the total gross amount of Thirty One Thousand Dollars and No Cents ($31,000.00), inclusive of Plaintiff's counsel's attorney fees, expenses and costs ("Gross Settlement Amount"). Plaintiff acknowledges that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Defendants' promises, releases and covenants as set forth below. Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Plaintiff, as set forth and allocated below, the total sum of Thirty One Thousand Dollars and No Cents ($31,000.00) over a period of 17 months, and other good and valuable consideration as described below.

4.      **Payments**: All installment payments constituting the Gross Settlement Amount shall be paid by separate checks to plaintiff and plaintiff's attorney and shall be mailed to: The Law Offices of Jacob Aronauer, c/o Jacob Aronauer, Esq., 225 Broadway, 3rd Floor, New York, New York 10007.

A. Initial Payment Within 30 days after the Court approval of the settlement agreement, Plaintiff and Plaintiff's counsel shall receive an initial payment totaling Fifteen Thousand Dollars and Zero Cents ($15,000.00) to be apportioned as follows:

a)  Escobar shall receive $9,670.00;

b)  The Law Offices of Jacob Aronauer shall receive $5,330.00.

**B.** Subsequent Payments 30 days after the first payment, Plaintiff and Plaintiff's counsel shall receive 16 subsequent monthly payments of $1,000.00 per month apportioned as follows:

a)Escobar shall receive $646.00;

b) The Law Offices of Jacob Aronauer shall receive $354.00.

**C.**   **Taxes**:   Plaintiff agrees that she will file the appropriate income tax return(s) for calendar year 2019 and 2020, whichever applicable, reflecting the above payments, and will pay the taxes related thereto in a timely manner.

a.  A Form 1099 will be issued to the Law Offices of Jacob Aronauer for all payments made to the firm in 2019.

b.  Plaintiff shall be solely responsible for the payment of interest, penalties, taxes and any other costs associated with Defendants' payments to Plaintiff in accordance with the terms herein, if any.  Plaintiff agrees to indemnify and hold harmless Defendants and releases from and against any and all loss, cost, damage, or expense, including, but not limited to, interest, penalties, taxes, and reasonable attorneys' fees, incurred by any Defendant or any releases, arising out of any claim, determination, or action by the IRS or any other federal, state, or local taxing authority concerning the Settlement Payments, including, but not limited to payroll deductions from the Settlement Payments set forth in Paragraph 3 of this Agreement.

6.  **Default Provision**:  In the event of a failure to make any payment as provided for in paragraph 4 above, Plaintiff's attorney shall give notice via e-mail to Defendants' attorney, Michael Chong, Esq., at mkchong@mkclawgroup.com. In the event that Defendants fail to cure any default within ten (10) calendar days of their

4

receipt of the notice as set forth in this Paragraph, or if any check tendered by Defendants is not negotiable for any reason and after notice of same is not cured within ten (10) calendar days of receipt of such default in accordance with the terms of this Paragraph, then Plaintiff shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit B, or otherwise, without further notice against Defendants in the United States District Court, Southern District of New York, for the full Settlement Sum in addition to Fifteen Thousand Dollars and Zero Cents ($15,000.00) less any partial payment(s) made plus reasonable attorney fees as determined by the Court , and shall have immediate execution therefor. In addition, Defendants shall be liable to the Plaintiff for their reasonable attorneys' fees as determined by the Court incurred in the enforcement of the Agreement and the collection of monies due thereafter.

7.    **Affidavit of Confession of Judgment**:  Defendants shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit B, and return it to Plaintiff's counsel with this executed agreement.  The original Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

8.    **Releases by Parties**:

a.    **Wage and Hour Releases by Plaintiffs**: In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with

5

respect solely and only to conduct from the beginning of the World, that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish and discharge Defendants from all those matters that are the subject of the above-reference lawsuit, i.e. all claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York Hospitality Wage Order, and in particular any claim for overtime, commissions,  unpaid wages, notice and record keeping penalties, liquidated damages and any interest thereon whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities that are known to them during Plaintiff's employment with Defendants.

b. This release is limited solely and only to the wage and hour claims brought by Plaintiff against Defendants in this action from the beginning of the World, that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.

c. In consideration of the promises herein, Defendants, individually together with, but not limited to, their respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever release, acquit and discharge Plaintiff, together with respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers,

6

reinsurers, and present and former officers, directors, shareholders, partners, employees, attorneys, dependents, descendants, heirs, spouses, estates, successors, agents and assigns, from any and all claims, demands, liabilities, damages, losses, indebtedness, costs, attorneys' fees, actions and causes of action, suits, proceedings, controversies, agreements and/or obligations of any nature whatsoever, known or unknown, arising out of, or related to, any occurrence or non-occurrence, happening or not happening, prior to the date hereof, that Defendants may have held, or now hold, against Plaintiff, from the beginning of the World through the date of this Agreement, which Defendants may have had, may now have, or which may hereinafter arise, from events relating to the alleged employment of Plaintiff with Defendants, including the issues that have been asserted, or could have been asserted as counter-claims, cross-claims or otherwise.

9.     **No Re-Employment by Plaintiff**: Plaintiff agrees and promises not to seek employment with Defendants at any time. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause on which Defendants may reject any application for employment by Plaintiff or on her behalf and that such rejection would not constitute a violation of any law.

10.     **Governing Law**: This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

11.     **Jurisdiction:** By entering into this Agreement, the parties hereby submit to the jurisdiction of the Southern District of New York ("SDNY"), United States District Court to resolve any dispute hereunder. The parties agree that Lisa Margaret Smith will retain jurisdiction of this case. In the event that Judge Smith is not available, a separate Magistrate Judge in the SDNY will hear the case.

12.     **Enforceability:** If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

13.     **Interpretation of Agreement:** The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

14.     **Headings:** The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

15.     **Voluntary Agreement:** Plaintiff and Defendants agree and affirm that:

a.  They have carefully read and fully understand all of the provisions of this Agreement;

b.  They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c.  They have been given a reasonable time to consider their rights and

8

obligations under this Agreement and to consult with an attorney before executing it;

  d. They have consulted with their attorney of choice before executing this Agreement;

  e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint;

  f. No promise or representation of any kind or character has been made by any of Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

  g. They are, through this Agreement, releasing all of Defendants from any and all claims that they may have against any of them in exchange for the payment described herein;

  h. They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

  16. **Complete Agreement**:  This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them.  This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

  17. **Counterparts**:  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's

9

signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

WHEREFORE, the undersigned subscribe to this Agreement, as it applies to each user as of the date(s) set forth below opposite their respective signatures.

*[Notary stamp:]* Adriana Renauer
Notary Public, State of New York
Qualified in New York County
No. 02AR6360901
Commission Expires on June 26, 2022

Dated: 03-29-19                          Gricelda escobar
                                         **GRICELDA ESCOBAR**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF  NY

On this 29 day of Mar, 2019, before me, the undersigned, appeared GRICELDA ESCOBAR personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: _____

                                         Anthony Giuliano
                                         **ANTHONY GIULIANO**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF Westchester

On this 3rd day of April, 2019, before me, the undersigned, Anthony Y. Giuliano personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: 4/3/2019
_____

KRIS GLASER
Notary Public, State of New York
No. 60-1448435
Qualified in Westchester County
Commission Expires March 30, 19___
July 21, 2019

LAUNDRY LAND, INC.

BY: _____

TITLE: Secretary

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF Westchester )

On this 3rd day of April, 2019, before me, the undersigned, Anthony Guiliano personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he/she executed the above agreement by free act and deed, and thereby subscribed to it.

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**GRICELDA ESCOBAR**

18-cv-04246 (LMS)

                        **Plaintiff,**

    -against-

**LAUNDRY LAND, INC. d/b/a**
**LAUNDRYLAND and**
**ANTHONY Y. GIULIANO, individually,**

                        **Defendants.**

------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

Dated: _____, 2019

_____
By: Jacob Aronauer, Esq.
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Plaintiffs*

Dated: _____, 2019

_____
By: Michael Chong, Esq.
MKC LAW GROUP
1250 Broadway, 36th Fl., Suite 300
New York, New York 10001
*Attorney for Defendants*

SO ORDERED.

Dated: _____, 2019            _____

                                          Hon. _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

GRICELDA ESCOBAR,

                                                Plaintiff,                    18-cv-04246 (LMS)

                                                                             Affidavit of Confession of
                                                                             Judgment
                        -against-

LAUNDRY LAND, INC. d/b/a
LAUNDRYLAND and
ANTHONY Y. GIULIANO, individually,

                                                Defendants.

-----------------------------------------------------------------------X

STATE OF NEW YORK        )
                         ): ss:
                              COUNTY OF NEW YORK   )

ANTHONY GUILIANO being duly sworn, deposes and says:

1. I am the owner of Laundry Land, Inc. and have an address at 1160 Yonkers Ave,
   Yonkers, NY 10704.

2. I have authority to sign on behalf of Laundry Land, Inc. and am duly authorized
   to make this affidavit of confession of judgment on my own behalf and on behalf
   of Laundry Land, Inc.

3. I, Anthony Giuliano, individually, hereby confess judgment and authorize
   entry of judgment against myself and Laundry Land, Inc., ("collectively
   "Defendants") jointly and severally, in favor of Plaintiff for the sum of Forty Six
   Thousand Dollars and Zero Cents ($46,000.00), less the amount for the payments
   already made, pursuant to the terms of the Settlement Agreement and General
   Release (the "Settlement Agreement"), entered into and signed by Plaintiff and
   Defendants in the above-captioned proceeding, together with statutory costs and
   pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys'
   fees as determined by the Court incurred in entering and enforcing the judgment
   and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the
   Settlement Agreement.

14

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

6. I hereby represent our understanding that upon Defendants' breach of the Settlement Agreements, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

ANTHONY GUILIANO

Dated: 4/3/19

Sworn to before me this
3rd day of April, 2019

Notary Public

KRIS GLASER
Notary Public, State of New York
No. 60-1448435
Qualified in Westchester County
Commission Expires March 30, 19___
July 21, 2019

LAUNDRY LAND, INC.

Dated: 4/3/19

Sworn to before me this
3rd day of April, 2019

Notary Public

KRIS GLASER
Notary Public, State of New York
No. 60-1448435
Qualified in Westchester County
Commission Expires March 30, 19___
July 21, 2019

15

**EXHIBIT B**

# Law Offices of Jacob Aronauer

# INVOICE

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 112
Date: 04/04/2019
Due On: 05/04/2019

Gricelda Escobar
135 N 5th Av. Apt. ?
Mount Vernon, NY 10550

## 00195-Escobar

## Escobar v. Laundryland

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 04/17/2018 | Paralegal Fees - Carolina: Meeting with client. | 0.60 | $150.00 | $90.00 |
| Service | 04/17/2018 | Attorney Fees: Initial meeting with client. | 0.60 | $400.00 | $240.00 |
| Service | 04/18/2018 | Paralegal Fees - Carolina: Drafted complaint. | 1.25 | $150.00 | $187.50 |
| Service | 05/08/2018 | Paralegal Fees - Carolina: drafted complaint | 1.50 | $150.00 | $225.00 |
| Service | 05/09/2018 | Paralegal Fees - Sian: line edit complaint draft | 1.85 | $150.00 | $277.50 |
| Service | 05/11/2018 | Paralegal Fees - Sian: proofed and edited complaint | 1.50 | $150.00 | $225.00 |
| Service | 05/11/2018 | Paralegal Fees - Sian: drafted civil cover sheet and summons for individual defendants | 0.39 | $150.00 | $58.50 |
| Service | 05/11/2018 | Attorney Fees: Draft Complaint. | 1.40 | $400.00 | $560.00 |
| Service | 05/11/2018 | Paralegal Fees - Carolina: drafted complaint | 0.67 | $150.00 | $100.50 |
| Service | 05/14/2018 | Paralegal Fees - John: drafted summons for corporate and individual defendants, sent to Albany and ABC process server | 1.20 | $150.00 | $180.00 |
| Service | 05/14/2018 | Paralegal Fees - Carolina: Phone call to confirm information to amend the complaint. | 0.34 | $150.00 | $51.00 |
| Expense | 05/21/2018 | Reimbursable expenses: Service on corporate defendant and individual defendant | 1.00 | $120.00 | $120.00 |
| Service | 06/21/2018 | Attorney Fees: Request for a conference. | 0.10 | $400.00 | $40.00 |
| Service | 07/27/2018 | Attorney Fees: Request for a conference. | 0.10 | $400.00 | $40.00 |
| Service | 09/12/2018 | Paralegal Fees - John: Discovery Documents (request for admissions, document requests, interrogatory requests) | 2.00 | $150.00 | $300.00 |
| Service | 10/11/2018 | Paralegal Fees - Karin: Edited discovery requests | 0.67 | $150.00 | $100.50 |

| Service | 11/02/2018 | Paralegal Fees - Karin: Drafted damages spreadsheet | 1.20 | $150.00 | $180.00 |
|---|---|---|---|---|---|
| Service | 11/02/2018 | Attorney Fees: Prepare for initial case conference; draft discovery schedule; travel to and from white plains. | 2.90 | $400.00 | $1,160.00 |
| Expense | 11/02/2018 | Reimbursable expenses: train expense and taxi to White Plains Courthouse and subway with Judge Roman | 1.00 | $35.00 | $35.00 |
| Service | 11/07/2018 | Attorney Fees: Review/edit initial disclosures. | 0.10 | $400.00 | $40.00 |
| Service | 11/07/2018 | Paralegal fees - Elias: Drafting initial disclosures | 0.75 | $150.00 | $112.50 |
| Service | 11/07/2018 | Paralegal fees - Elias: phone call with client | 0.10 | $150.00 | $15.00 |
| Service | 11/13/2018 | Paralegal fees - Elias: Drafted 30(B)(6) Notice | 1.59 | $150.00 | $238.50 |
| Service | 11/14/2018 | Paralegal fees - Elias: Phone call with client | 0.10 | $150.00 | $15.00 |
| Service | 11/14/2018 | Paralegal fees - Elias: Drafted Motion for Conditional Certification | 1.59 | $150.00 | $238.50 |
| Service | 12/10/2018 | Attorney Fees: Prepare for initial case conference; travel to and from initial case conference; actual initial case conference. | 2.40 | $400.00 | $960.00 |
| Expense | 12/10/2018 | Reimbursable expenses: train expense and taxis to White Plains Courthouse and subway | 1.00 | $35.00 | $35.00 |
| Service | 01/10/2019 | Paralegal Fees - Sasha: researched case laws regarding whether FLSA laws allow other means of showing business volume besides tax returns | 1.00 | $150.00 | $150.00 |
| Service | 01/10/2019 | Paralegal Fees - Sasha: researched case laws regarding whether FLSA laws allow other means of showing business volume besides tax returns | 2.42 | $150.00 | $363.00 |
| Expense | 01/17/2019 | Reimbursable expenses: Private investigator to look into defendant company | 1.00 | $126.00 | $126.00 |
| Service | 01/18/2019 | Paralegal Fees - Katheryn: Phone Call - We spoke to Ms. Escobar to let her know about the offer made by the Defendants. The offer was $7500, based in the financial situation of the defendant, they also said she worked just for 8 months. Ms. Escobar will try to find people that can do a declaration saying what was the real time she worked there. | 0.25 | $150.00 | $37.50 |
| Service | 01/22/2019 | Attorney Fees: Prepare for deposition. | 4.30 | $400.00 | $1,720.00 |
| Service | 01/23/2019 | Attorney Fees: Prepare for deposition; travel to Fort Lee NJ and then back to City; actual deposition | 5.50 | $400.00 | $2,200.00 |
| Expense | 01/23/2019 | Reimbursable expenses: Deposition of Defendant and gas and tolls | 1.00 | $650.00 | $650.00 |

| Service | 03/06/2019 | Attorney Fees: Prepare for settlement conference; travel to and from settlement conference; actual settlement conference. | 5.90 | $400.00 | $2,360.00 |
|---------|-----------|---------------------------------------------------------------------------------------------------------------------------|------|---------|-----------|
| Service | 03/07/2019 | Paralegal Fees - Katheryn: Travel to and from the settlement conference and actual settlement conference. | 4.80 | $150.00 | $720.00 |
| Service | 03/07/2019 | Attorney Fees: Review and edit settlement agreement. | 0.70 | $400.00 | $280.00 |
| Expense | 03/07/2019 | Reimbursable expenses: train expense and taxis to White Plains Courthouse and subway with Judge Smith | 1.00 | $35.00 | $35.00 |
| Expense | 03/07/2019 | Reimbursable expenses: Paralegal train expenses to White Plains Courthouse and subway | 1.00 | $25.00 | $25.00 |
| Service | 03/08/2019 | Paralegal Fees - Sasha: Drafted settlement agreement | 1.75 | $150.00 | $262.50 |
| Service | 03/08/2019 | Paralegal Fees - Sasha: Conducted some legal research regarding settlement agreements in general and proper structures for this time of case | 0.34 | $150.00 | $51.00 |
| Service | 03/14/2019 | Attorney Fees: Review settlement agreement to go over with client. | 0.80 | $400.00 | $320.00 |
| Service | 03/14/2019 | Paralegal Fees - Katheryn: Meeting with client to go over the settlement agreement. | 0.80 | $150.00 | $120.00 |
| Service | 04/01/2019 | Paralegal Fees - Katheryn: Met with Ms. Escobar to signed up corrected Settlement Agreement | 0.70 | $150.00 | $105.00 |
| Service | 04/02/2019 | Attorney Fees: Drafted cheeks approval letter. | 1.10 | $400.00 | $440.00 |
| Service | 04/03/2019 | Attorney Fees: Edit settlement approval letter. | 0.70 | $400.00 | $280.00 |

Total **$16,070.00**

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 112 | 05/04/2019 | $16,070.00 | $0.00 | $16,070.00 |
| | | | **Outstanding Balance** | **$16,070.00** |
| | | | **Total Amount Outstanding** | **$16,070.00** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Invoice # 112 - 04/04/2019

Please pay within 30 days.