UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GRICELDA ESCOBAR,

                                                     **Plaintiff,**        18-cv-04246 (LMS)

-against-

LAUNDRY LAND, INC. d/b/a
LAUNDRYLAND and
ANTHONY Y. GIULIANO, individually,

                                                   **Defendants.**
---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Gricelda Escobar ("Escobar"), on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), and Anthony Y. Giuliano ("Giuliano"), individually, and Laundry Land, Inc. d/b/a Laundryland, along with their parent(s), subsidiaries, divisions, affiliates or other related entities, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendant's agents, assigns, attorneys, heirs, successors, executors and administrators ("Defendants").

WHEREAS, Plaintiff filed, in the United States District Court for the Southern District of New York, a complaint under the docket 18-cv-04246 (LMS) in an action asserting violations of the Fair Labor Standards Act and New York Labor Law (hereinafter, the "Complaint"); and

WHEREAS, Plaintiff desires to fully and finally resolve and settle in full all wage and hour claims that she had against Defendants set forth in the Complaint and that were or could have been raised in the Complaint relating to the respective alleged employment of Plaintiff by Defendants;

NOW, THEREFORE, Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **No Admission of Liability:** By entering into this Agreement, the parties do not in any way admit liability or wrongdoing toward each other or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes, or is intended to constitute, any finding of fact, admission of liability or assessment of liability by the parties under any law, ordinance, rule, regulation or order with respect to any claim that any other person has asserted, could have asserted or may assert concerning Plaintiff's alleged employment with Defendants. The parties have consistently denied, and continue to deny, each and every allegation of wrongdoing made by the other, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. **Dismissal of Pending Action:** For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiff and her attorney agree that upon execution of this Agreement, they shall: (1) file the Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Pending Action subject to the Court's approval; and (2) not re-file these causes of action.

3. **Consideration and Payment**: In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this wage and hour lawsuit is settled and resolved for the total gross amount of Thirty One Thousand Dollars and No Cents ($31,000.00), inclusive of Plaintiff's counsel's attorney fees, expenses and costs ("Gross Settlement Amount"). Plaintiff acknowledges that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Defendants' promises, releases and covenants as set forth below. Upon the full execution of this Agreement and the Stipulation and Order of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Plaintiff, as set forth and allocated below, the total sum of Thirty One Thousand Dollars and No Cents ($31,000.00) over a period of 17 months, and other good and valuable consideration as described below.

4. **Payments**: All installment payments constituting the Gross Settlement Amount shall be paid by separate checks to Plaintiff and Plaintiff's attorney and shall be mailed to: The Law Offices of Jacob Aronauer, c/o Jacob Aronauer, Esq., 225 Broadway, 3rd Floor, New York, New York 10007.

   **A.** Initial Payment: within 30 days after the Court approval of the settlement agreement, Plaintiff and Plaintiff's counsel shall receive an initial payment totaling Fifteen Thousand Dollars and Zero Cents ($15,000.00) to be apportioned as follows:

   a) Plaintiff shall receive $9,670.00;

   b) The Law Offices of Jacob Aronauer shall receive $5,330.00.

3

B. Subsequent Payments 30 days after the first payment, Plaintiff and Plaintiff's counsel shall receive 16 subsequent monthly payments of $1,000.00 per month apportioned as follows:

a) Plaintiff shall receive $646.00;

b) The Law Offices of Jacob Aronauer shall receive $354.00.

C. Plaintiff agrees that she will file the appropriate income tax return(s) for calendar years 2019 and 2020, whichever applicable, reflecting the above payments, and will pay the taxes related thereto in a timely manner.

   a. A Form 1099 will be issued to the Law Offices of Jacob Aronauer for all payments made to the firm in 2019 and 2020.

   b. Plaintiff shall be solely responsible for the payment of interest, penalties, taxes and any other costs associated with Defendants' payments to Plaintiff in accordance with the terms herein, if any. Plaintiff agrees to indemnify and hold harmless Defendants and releases from and against any and all loss, cost, damage, or expense, including, but not limited to, interest, penalties, taxes, and reasonable attorneys' fees, incurred by any Defendant or any releases, arising out of any claim, determination, or action by the IRS or any other federal, state, or local taxing authority concerning the Settlement Payments, including, but not limited to payroll deductions from the Settlement Payments set forth in Paragraph 3 of this Agreement.

5. Default Provision: In the event of a failure to make any payment as provided for in paragraph 4 above, Plaintiff's attorney shall give notice via e-mail to Defendants' attorney, Michael Chong, Esq., at mkchong@mkclawgroup.com. In the event that Defendants fail to cure any default within ten (10) calendar days of their

4

receipt of the notice as set forth in this Paragraph, or if any check tendered by Defendants is not negotiable for any reason and after notice of same is not cured within ten (10) calendar days of receipt of such default in accordance with the terms of this Paragraph, then Plaintiff shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit B, or otherwise, without further notice against Defendants in the United States District Court, Southern District of New York, for the full Settlement Sum in addition to Fifteen Thousand Dollars and Zero Cents ($15,000.00) less any partial payment(s) made plus reasonable attorney fees as determined by the Court , and shall have immediate execution therefor. In addition, Defendants shall be liable to the Plaintiff for their reasonable attorneys' fees as determined by the Court incurred in the enforcement of the Agreement and the collection of monies due thereafter.

6. **Affidavit of Confession of Judgment**: Defendants shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit B, and return it to Plaintiff's counsel with this executed agreement. The original Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

7. **Releases by Parties:**

   a. **Wage and Hour Releases by Plaintiff**: In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with

5

respect solely and only to conduct from the beginning of the World, that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish and discharge Defendants from all those matters that are the subject of the above-referenced lawsuit, i.e. all claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York Hospitality Wage Order, and in particular any claim for overtime, commissions, unpaid wages, notice and record keeping penalties, liquidated damages and any interest thereon whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities that are known to them during Plaintiff's employment with Defendants.

b. **Date Release Is Effective:** This release is limited solely and only to the wage and hour claims brought by Plaintiff against Defendants in this action from the beginning of the World, that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.

c. **Release by Defendants:** In consideration of the promises herein, Defendants, individually together with, but not limited to, their respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever release, acquit and discharge Plaintiff, together with respective owners, affiliates, subsidiaries, parent corporations, spouses, estates,

descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees, attorneys, dependents, descendants, heirs, spouses, estates, successors, agents and assigns, from any and all claims, demands, liabilities, damages, losses, indebtedness, costs, attorneys' fees, actions and causes of action, suits, proceedings, controversies, agreements and/or obligations of any nature whatsoever, known or unknown, arising out of, or related to, any occurrence or non-occurrence, happening or not happening, prior to the date hereof, that Defendants may have held, or now hold, against Plaintiff, from the beginning of the World through the date of this Agreement, which Defendants may have had, may now have, or which may hereinafter arise, from events relating to the alleged employment of Plaintiff with Defendants, including the issues that have been asserted, or could have been asserted as counter-claims, cross-claims or otherwise.

8.  Governing Law: This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

9.  Jurisdiction: By entering into this Agreement, the parties hereby submit to the jurisdiction of the Southern District of New York ("SDNY"), United States District Court to resolve any dispute hereunder. The parties agree that Lisa Margaret Smith will

retain jurisdiction of this case. In the event that Magistrate Judge Smith is not available, a separate Magistrate Judge in the SDNY will hear the case.

10. **Enforceability:** If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

11. **Interpretation of Agreement:** The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

12. **Headings:** The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

13. **Voluntary Agreement:** Plaintiff and Defendants agree and affirm that:

a. They have carefully read and fully understand all of the provisions of this Agreement;

b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

d. They have consulted with their attorney of choice before executing this Agreement;

8

e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint;

f. No promise or representation of any kind or character has been made by any of Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

g. They are, through this Agreement, releasing all of Defendants from any and all claims that they may have against any of them in exchange for the payment described herein;

h. They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

14. **Complete Agreement**: This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

15. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

WHEREFORE, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 04-28-19                             _Gricelda Escobar_
                                            GRICELDA ESCOBAR

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On this 21 day of April, 2019, before me, the undersigned, appeared GRICELDA ESCOBAR, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Jacob Aronauer
Notary Public, State of New York
Qualified in New York County
No. 02AR6360901
Commission Expires on June 26, 2022

Dated: 5/2/19                               _____
                                            ANTHONY GIULIANO

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Westchester )

On this 2 day of May, 2019, before me, the undersigned, appeared Anthony Giuliano, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

JASON M YOUNG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01YO6288724
Qualified in Westchester County
My Commission Expires March 17, 2022

10

Dated: 5/2/2019          Anthony Giuliano
                         LAUNDRY LAND, INC.
                         BY: Anthony Giuliano
                         TITLE: Owner

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Westchester )

On this 2 day of May, 2019, before me, the undersigned, appeared Anthony Giuliano, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he/she executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

JASON M YOUNG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01YO6298724
Qualified in Westchester County
My Commission Expires March 17, 2022

5/10/19
SO ORDERED:
_____
HON. Lisa Margaret Smith
U.S.M.J.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GRICELDA ESCOBAR

                                                                                                18-cv-04246 (LMS)

                                                     Plaintiff,

-against-

LAUNDRY LAND, INC. d/b/a
LAUNDRYLAND and
ANTHONY Y. GIULIANO, individually,

                                                 Defendants.

-------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

                                                           Dated:       , 2019

By: Jacob Aronauer, Esq.
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Plaintiffs*

                                                           Dated:       , 2019

By: Michael Chong, Esq.
MKC LAW GROUP
1250 Broadway, 36th Fl., Suite 300
New York, New York 10001
*Attorney for Defendants*

SO ORDERED.

Dated:              , 2019

                                                              Hon. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GRICELDA ESCOBAR,

                                         **Plaintiff,**        18-cv-04246 (LMS)

                                                                      Affidavit of Confession of
                -against-                                                Judgment

LAUNDRY LAND, INC. d/b/a
LAUNDRYLAND and
ANTHONY Y. GIULIANO, individually,

                                                      **Defendants.**

----------------------------------------------------------------X

STATE OF NEW YORK   )
                             ): ss:
                   COUNTY OF NEW YORK  )

ANTHONY GUILIANO being duly sworn, deposes and says:

1. I am the owner of Laundry Land, Inc. and have an address at 1160 Yonkers Ave, Yonkers, NY 10704.

2. I have authority to sign on behalf of Laundry Land, Inc. and am duly authorized to make this affidavit of confession of judgment on my own behalf and on behalf of Laundry Land, Inc.

3. I, Anthony Giuliano, individually, hereby confess judgment and authorize entry of judgment against myself and Laundry Land, Inc., ("collectively "Defendants") jointly and severally, in favor of Plaintiff for the sum of Forty Six Thousand Dollars and Zero Cents ($46,000.00), less the amount for the payments already made, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs and pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees as determined by the Court incurred in entering and enforcing the judgment and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

6. I hereby represent our understanding that upon Defendants' breach of the Settlement Agreements, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

_____
ANTHONY GUILIANO

Dated: 5/2/2019

Sworn to before me this
2 day of May, 2019

_____
Notary Public

JASON M YOUNG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01YO6298724
Qualified in Westchester County
My Commission Expires March 17, 2022

_____
LAUNDRY LAND, INC.

Dated: 5/2/19

Sworn to before me this
2 day of May, 2019

_____
Notary Public

JASON M YOUNG
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01YO6298724
Qualified in Westchester County
My Commission Expires March 17, 2022

15